ROB A. RODRIGUEZ, ESQ, S.B.N. 224511
robr@rodriguezking.com
STEPHEN A. KING, ESQ. S.B.N. 224683
sking@rodriguezking.com
RICHARD A. APODACA, ESQ. S.B.N. 292294
apodacar@rodriguezking.com
RODRIGUEZ & KING, ATTORNEYS AT LAW
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Telephone: (909) 944-3777
Facsimile: (909) 944-5777

**Attorney for Plaintiff,** Alexis Gonzalez

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CENTRAL CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ALEXIS GONZALEZ, a minor, by and through his guardian *ad litem*, Victor Gonzalez, <br><br>         Plaintiff, <br><br>    vs. <br><br> UNITED STATES POSTAL SERVICE, a United States government agency; and DOES 1 through 10, <br><br>         Defendants. | Case No.: <br><br> **COMPLAINT FOR PERSONAL INJURY:** <br><br> 1. **MOTOR VEHICLE NEGLIGENCE** <br> 2. **NEGLIGENCE PER SE (Vehicle Code §11-801)** <br><br> **DEMAND FOR A JURY TRIAL** |

**TO THE DEFENDANTS, THEIR ATTORNEYS, AND THIS COURT:**

## COMPLAINT FOR PERSONAL INJURIES

Plaintiff, by his attorney, for his complaint against Defendant, seeks monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

## I.
## INTRODUCTION

1. This is an action for negligence arising under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671.

2. While operating a motor vehicle owned, maintained or controlled by an employee of the U.S. Postal Service, and working on behalf of the U.S. Postal Service, a government agency, the employee of the U.S. Postal Service caused a collision with ALEXIS GONZALEZ's bicycle and person. As a result of the employee's negligent operation of the motor vehicle, ALEXIS GONZALEZ suffered catastrophic injuries described herein.

3. The employee of the U.S. Postal Service is directly liable for ALEXIS GONZALEZ'S damages.

4. The U.S. Postal Service is directly and vicariously liable for ALEXIS GONZALEZ's damages.

///

///

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute in accordance with the Federal Torts Claim Act, 28 U.S.C. § 1346(b).

6. Venue is proper in this district because the Defendants reside in this district, and the acts of negligence complained of herein occurred in this district.

## III.
## THE PARTIES

7. Plaintiff ALEXIS GONZALEZ ("GONZALEZ"), by and through his natural father and Guardian Ad Litem Victor Gonzalez, is at all relevant times herein mentioned a resident of the city of Fontana, County of San Bernardino in the State of California.

8. Based upon information and belief, and upon that basis, Plaintiff alleges that Defendant U.S. POSTAL SERVICE ("USPS") is at all relevant times herein mentioned a U.S. government agency and establishment of the Executive Branch of the United States government, with its principal place of business in Washington, D.C.

9. The true names and capacities of the Defendants, DOES 1 through 10, inclusive whether individual, corporate, associate or otherwise, are not known to Plaintiff who therefore sues said defendants by such fictitious names and Plaintiff will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained.

Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and negligently caused the injuries and damages to the Plaintiff as herein alleged.

10. At all times herein mentioned, each defendant was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter mentioned each Defendant was acting within the course and scope of his employment and authority as such agent and employee and with the consent of his co-Defendants.

## IV.
## FACTS

11. On August 4, 2011, in the City of Fontana in the State of California, Defendants USPS, and/or DOES 1 through 10, and each of them, so negligently, carelessly owned, operated, maintained, controlled, and entrusted Defendants' vehicle, so as to cause Defendants' vehicle to collide with and strike Plaintiff GONZALEZ'S bicycle while he was crossing at an interestion, causing the injuries and damages herein after set forth.

12. At all times herein mentioned, the Defendants USPS, and/or DOES 1 through 10 and each of them, were the owners and/or operators of the Postal Vehicle that collided with Plaintiff GONZALEZ'S bicycle.

13. At said time, at or about the location stated in the previous paragraphs, Defendants USPS, and DOES 1 through 10, inclusive, negligently operated and drove Defendant's vehicle so as to collide with Plaintiff GONZALEZ'S bicycle, causing him to be struck by Defendant's vehicle, causing injuries to GONZALEZ'S head, back, shoulders, legs, right knee, and neck. Defendant's and each of their actions and/or omissions was the actual and legal cause of Plaintiff GONZALEZ'S injuries described herein.

14. Defendant, U.S. Postal Service, and/or DOES 1 through 10, vehicle was being driven in an unsafe manner when the vehicle of the Postal Vehicle driver was operating collided with PLAINTIFF'S bicycle and which act and/or neglect was the legal cause of PLAINTIFF'S injuries.

15. Based upon information and belief, and upon that basis, PLAINTIFF alleges that at the time of the collision, Defendant U.S. Postal Service violated the *Uniform Vehicle Code*, §11-801, and which act and/or neglect was the legal cause of PLAINTIFF'S catastrophic injuries.

16. On July 25, 2013, PLAINTIFF filed an administrative claim by submitting a Standard Claim Form 95 to Defendant USPS. On **April 15, 2014**, Defendant USPS denied PLAINTIFF'S administrative claim. (Attached hereto as **Exhibit 1**).



17. The negligent operation, maintenance, and driving of Defendant USPS'S vehicle was the actual and legal cause of PLAINTIFF'S injuries and damages as described herein.

18. Due to the previously aforesaid negligence by Defendants, and each of them, PLAINTIFF has suffered and continues to suffer injuries to his health, strength and activity, and other injuries, all of which will result in disability, emotional damages, and general damages in an amount not presently known, but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

19. As a result of the negligence of Defendants, and each of them, PLAINTIFF has incurred, and will continue to incur hospital, medical, rehabilitation, custodial, and related expenses in an amount according to proof, but which exceeds the minimal jurisdictional requirement of this Court.

20. As a further and proximate result of the negligence of the Defendants, and each of them, PLAINTIFF'S earning capacity has been greatly impaired in the future in an amount according to proof at the time of trial.

21. As a further and proximate result of the negligence of Defendants, and each of them, PLAINTIFF has lost the use of property and has incurred property damages.

22. The negligence and carelessness of each Defendant combined and cooperated with the negligence and carelessness of each of the remaining Defendants to cause the below described incident. PLAINTIFF is in the class of persons that the Uniform Vehicle Code is intended to protect and plaintiff is informed and believes that Defendants' conduct was in violation of applicable vehicle codes and that said defendants' violation of said codes makes defendants' conduct negligent per se.

## V.
## FIRST CAUSE OF ACTION
## MOTOR VEHICLE NEGLIGENCE AS TO ALL DEFENDANTS

23. Plaintiff incorporates by reference paragraphs 1 through 22, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action stated hereto.

24. Defendants, USPS, and DOES 1 through 10, inclusive owed PLAINTIFF the duty not to negligently operate, own, and maintain their vehicle as to collide with PLAINTIFFS' bicycle while operating on the roadway in Fontana, California.

25. On August 4, 2011, Defendant USPS's employee was driving when he began to drive at an excessive speed at or around the intersection in the city of Fontana.



26. At said time, PLAINTIFF'S bicycle was coming into the intersection at Henlock Street, in Fontana, California, when the Defendant's vehicle collided with the PLAINTIFF'S bicycle causing his to be thrown to the ground and strike his head, necks, back and legs.

27. Defendants, USPS and/or DOES 1 through 10, were driving too close to PLAINTIFF'S bicycle and at an excessive speed allowing him insufficient time and space to stop which caused him to hit PLAINTIFF'S bicycle while Plaintiff was attempting to cross the intersection.

28. Defendants, USPS, and/or DOES 1 through 10, failed to drive at a reasonable speed and failed to follow another vehicle at a reasonable and prudent distance.

29. Defendant U.S. Postal Service, and DOES 1 through 10, inclusive, breached their duties as described in paragraph 24.

30. Said breach was the actual and legal cause of PLAINTIFF'S injuries as described herein.

## VI.
## SECOND CAUSE OF ACTION
### NEGLIGENCE PER SE IN VIOLATION OF THE UNIFORM VEHICLE CODE §11-801 AS TO ALL DEFENDANTS

31. PLAINTIFF incorporates by reference paragraph 1 through 30, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action stated hereto.

32. Plaintiff GONZALEZ is in the class of persons for whose protection the Uniform Vehicle Code §11-801, or in the alternative, California *Vehicle Code* § 22350, was adopted, the injuries to the PLAINTIFF resulted from an occurrence of the nature which Uniform Vehicle Code §11-801 and California *Vehicle Code* § 22350, was designed to prevent.

33. Plaintiff GONZALEZ alleges that at the time of the collision, Defendant USPS, USPS's employee, and/or DOES 1 through 10, violated *Uniform Vehicle Code* §11-801 and/or California *Vehicle Code* § 22350, by driving at speeds that were in excess of what was reasonable and prudent under the given circumstances of a pedestrian riding a bicycle at the above-mentioned intersection, without due regards for the speed of Plaintiff GONZALEZ'S bicycle, the condition of the roadway and the traffic upon the roadway.

34. The resulting collision and DEFENDANTS' violation of *Uniform Vehicle Code* §11-801 and/or California *Vehicle Code* § 22350 was the actual and legal cause of PLAINTIFF'S catastrophic injuries described herein.

## VII.
## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Alexis Gonzalez, a minor, demands judgment against Defendants as follows:

1. For general damages in an amount in excess of the minimum jurisdictional limits of this court;



2. For special damages according to proof;

3. For such loss of earnings and earning capacity according to proof;

4. For the reasonable value of such medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention and drugs, according to proof;

5. For interest on Plaintiffs' damages as allowed by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**<u>PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CAUSES OF ACTION</u>**

RODRIGUEZ & KING, ATTORNEYS AT LAW

//**s**/

Dated:   10-14-14         By: _____
                              Rob A. Rodriguez, Esq.,
                              Richard A. Apodaca, Esq.
                              Attorney for Plaintiff, Alexis Gonzalez

EXHIBIT 1



LAW DEPARTMENT
NATIONAL TORT CENTER

UNITED STATES POSTAL SERVICE

CERTIFIED NO. 70131090000221995256
RETURN RECEIPT REQUESTED

April 15, 2014

Mr. Robert Rodriquez
Attorney at Law
3633 Inland Empire Blvd., Suite 560
Ontario, CA 91764

RE:   Your Client:        Alexis Gonzalez (a minor)
      Date of Incident:   August 4, 2011

Dear Mr. Rodriguez:

This is in reference to the administrative claim filed on behalf of the above referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about August 4, 2011.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee while acting in the *scope* of his employment.  We are guided in our determination by all the information available to us, including the reports of our personnel and other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees.  In fact, our investigation revealed that the accident resulted from Mr. Gonzalez's operation of his bicycle in violation of California law and by his act of pulling out in front of the Postal Vehicle before it was safe to do so.  Mr. Gonzalez admitted that he rode into the intersection without slowing or stopping.  In fact, we believe the evidence will show he did not even bother to look for traffic as he rode his bike at a rapid speed.  This is similar to that independently arrived at by the investigating officer, who -- while he did not issue a citation to Mr. Gonzalez – found  he caused the collision by violation of California Vehicle Codes §21804 and §21650. While we regret any injury that may have occurred we cannot accept legal liability for the alleged damages.  Accordingly, this claim is denied.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TELEPHONE: 314-345-5820
FACSIMILE: 314-345-5893

# EXHIBIT 1 CONTINUED
### - 2 -

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*[signature]*

Chrystal C. Mueller
Tort Claims Examiner/Adjudicator
314-345-5861


cc:     Norman Klein
        Tort Claims Coordinator
        Case No.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A